IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-99-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DYLAN CORVETT COFFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

On January 24, 2011, pursuant to a written plea agreement, Dylan Corvett Coffield ("Coffield") pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) and a quantity of cocaine (count one), and possession of a firearm by a felon (count ten). See [D.E. 22, 23]. On October 28, 2011, the court held Coffield's sentencing hearing. See [D.E. 37, 38, 44]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 44] 4–5. The court calculated Coffield's total offense level to be 37, his criminal history category to be V, and his advisory guideline range on count one to be 324 to 405 months' imprisonment and on count ten to be 120 months' imprisonment. See Sentencing Tr. at 5–6. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Coffield to 204 months' imprisonment on count one and 120 months' concurrent imprisonment on count ten. See id. at 6–19. Coffield did not appeal.

On December 15, 2015, Coffield moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 50]. Coffield's new advisory guideline range on count one is 262 to 327 months' imprisonment, based on a total offense level of

35 and a criminal history category of V. See Resentencing Report. Coffield requests a 165-month sentence. See id.; [D.E. 50].

The court has discretion under Amendment 782 to reduce Coffield's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Coffield's sentence, the court finds that Coffield engaged in serious criminal behavior involving a large quantity of illegal narcotics and firearms. See PSR ¶¶ 8–14. Moreover, Coffield is a recidivist and has convictions for possession of marijuana, possession of drug paraphernalia, possession with intent to sell and deliver cocaine (three counts), possession of stolen goods or property, larceny, sell and deliver cocaine, and injury to real property. See id. ¶¶ 16–31. Moreover, Coffield has performed poorly on supervision and has a spotty work history. See id. ¶¶ 16, 18–19, 33, 43–48. Nonetheless, Coffield has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Coffield received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Coffield's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the

court denies Coffield's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Coffield's motion for reduction of sentence [D.E. 50].

SO ORDERED. This 18 day of July 2018.

                                                    JAMES C. DEVER III
                                                    Chief United States District Judge