IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-99-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DYLAN CORVETT COFFIELD, ) | |
| ) | |
| Defendant. ) | |

On August 26, 2020, Dylan Corvett Coffield ("Coffield") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 75] and filed medical records in support [D.E. 76]. On September 3, 2020, the United States responded in opposition [D.E. 79]. On September 22, 2020, Coffield replied [D.E. 80]. On November 2, 2020, Coffield moved to expedite ruling on the motion for compassionate release [D.E. 84]. On November 6, 2020, Coffield filed a notice of updated medical information [D.E. 85]. As explained below, the court denies Coffield's motion for compassionate release [D.E. 75] and dismisses as moot Coffield's motion to expedite [D.E. 84].

On January 24, 2011, pursuant to a written plea agreement, Coffield pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) and a quantity of cocaine (count one), and possession of a firearm by a felon (count ten). See [D.E. 22, 23]. On October 28, 2011, the court held Coffield's sentencing hearing. See [D.E. 37, 38, 44]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report

("PSR") [D.E. 27]. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. [D.E. 44] 4–5.[1] The court calculated Coffield's total offense level to be 37, his criminal history category to be V, and his advisory guideline range on count one to be 324 to 405 months' imprisonment and on count ten to be 120 months' imprisonment. See Sentencing Tr. at 5–6. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Coffield to 204 months' imprisonment on count one and 120 months' concurrent imprisonment on count ten. See id. at 6–19. Coffield did not appeal.

On May 15, 2012, Coffield moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. § 2D1.1. See [D.E. 39]. On June 28, 2013, the United States responded in opposition. See [D.E. 41]. On September 4, 2013, the court denied Coffield's motion. See [D.E. 48].

On December 15, 2015, Coffield moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 50]. On December 22, 2015, the United States responded. See [D.E. 51]. On July 18, 2018, the court denied Coffield's motion. See [D.E. 57].

On July 18, 2019, Coffield moved for a reduction of sentence under section 404 of the First Step Act. See [D.E. 59]. On July 29, 2019, the United States filed a memorandum in opposition. See [D.E. 63]. On September 10, 2019, Coffield replied. See [D.E. 68]. On April 2, 2020, the court granted Coffield's motion and reduced his sentence on count one from 204 months' imprisonment to 165 months' imprisonment. See [D.E. 73]. Coffield's sentence on count ten remains 120 months' imprisonment to be served concurrently with his sentence on count one. See [D.E. 73].

---

[1] Coffield's PSR has been modified twice to reflect changes in the law. See [D.E. 35, 64].

2

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

3

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
4

Case 4:10-cr-00099-D   Document 86   Filed 11/25/20   Page 4 of 7

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Coffield is age 45 and seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Coffield relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G.

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.
5

§ 1B1.13. See [D.E. 75] 2–3. Specifically, Coffield cites the COVID-19 pandemic and his kidney disease, sarcodosis, morbid obesity, hypertension, and sleep apnea and alleges that he is "at risk of severe complication from COVID-19. . . ." Id. at 1, 4–6; see [D.E. 76]; [D.E. 80]; [D.E. 84]; [D.E. 85].

Coffield has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). See [D.E. 75] 2; [D.E. 75-1] The government concedes that Coffield has satisfied section 3582's exhaustion requirement. See [D.E. 79] 3 ("Defendant has exhausted his administrative requirements."). Accordingly, the court addresses Coffield's claims on the merits.

As for the "other reasons" policy statement, the court assumes without deciding that Coffield's kidney disease, sarcodosis, morbid obesity, hypertension, and sleep apnea, coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Coffield's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Coffield engaged in serious criminal conduct as a drug trafficker in Williamston, North Carolina from at least 2002 to June 2010, and was personally responsible for 9.96 kilograms of cocaine base (crack) and 402.75 grams of cocaine. See PSR ¶¶ 8–14. Coffield also possessed a stolen handgun in connection with his drug trafficking. See id. ¶¶ 11, 52. Moreover, Coffield is a recidivist drug dealer and has convictions for possession of marijuana, possession of drug paraphernalia, possession with intent to sell and deliver cocaine (three

6

counts), possession of stolen goods or property, larceny, sell and delivery crack cocaine, and injury to real property. See id. ¶¶ 16–31. Coffield has performed poorly on supervision and has a spotty work history. See id. ¶¶ 16, 18–19, 25–26, 28, 33, 43–48. Coffield has taken some positive steps while incarcerated on his federal sentence, but sustained an infraction in 2016 for possessing a hazardous tool. See [D.E. 75] 7; [D.E. 64] 2; cf. Pepper v. United States, 562 U.S. 476, 480 (2011).

The court has considered the entire record, Coffield's health and release plan, the steps that the BOP has taken to address COVID-19 and treat Coffield (as reflected in his medical records), the section 3553(a) factors, and Coffield's arguments. In light of the need to punish Coffield for his criminal behavior, to incapacitate Coffield, to promote respect for the law, to deter others, and to protect society, the court declines to grant Coffield's motion for compassionate release. See Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020).

In sum, the court DENIES Coffield's motion for compassionate release [D.E. 75] and DISMISSES as moot Coffield's motion to expedite [D.E. 84].

SO ORDERED. This 25 day of November 2020.

JAMES C. DEVER III
United States District Judge